25-2059 Hollis v. Farm Bureau Property. Mr. Vargas. Good morning, your honors. May it please the court. The district court in this case mistakenly held that the relevant and necessary information needed by Mr. Hollis to be alerted to the fact that he might have a claim was available to him in 2013. It was not. But you admitted that, did you not, counsel? We did not, your honor. Did he reply that he had all the information he needed in 2013? He did not, your honor. He knew he had not bought stacking and he knew what the premium was for the car. What he did not know, your honor, and the operative facts is he did not know that Farm Bureau was actually charging a per-vehicle premium because the documents that were relied upon at the trial court and the documents that he was provided in 2013, 2017, and 2020 clearly showed that he was being charged a per-policy premium. And in fact, you don't have to take my word for it because when Farm Bureau moved to dismiss our complaint, they filed a 12B6 motion. They did not assert statute of limitations. But you'll find this in the appendix at page 56. They made this statement in distinguishing their case from the Garcia v. Allstate case. They said, unlike the Garcia declarations page, the declarations page in this case does not separate UMUIM premiums for separate vehicles. The declarations page here does not even contain the premium column that caused the ambiguity problems in Garcia. But I thought your papers said that you could tell from the face of the policy documents that there was this premium discrepancy. Isn't that the way the complaint structure? That is actually a discharacterization of the allegations in the complaint. If you read the complaint, what we said was we are alleging that it is invalid, but we did not say it had the information needed. In fact, on several occasions, and I can point you where in the record, we said they withheld the information and concealed it. You can find it in the complaint at appendix page 9, 10, 11, 12, and 15. Wasn't the basis for your allegation because of the language in the policy? The basis for it was that the language in the policy did not inform you of a fact that was learned in 2022 in a separate piece of litigation. But you didn't allege in your complaint anything about the 2022 deposition or the separate litigation. The problem we had with that, your honor, is in that case Farm Bureau obtained a confidentiality order, and it only allowed us to use... But we're here on a 12b6, aren't we? We are, your honor. So you can't point to stuff outside of your complaint to support an ambiguity, can you? But we allege in the complaint that they withheld information. We could not share what that specific information was or where we obtained it at the time, but we allege that specifically in those pages that I just cited to you. And Farm Bureau does eventually admit that, yeah, we allocate separate, we charge separate premiums on a per-vehicle basis, but they don't want to share that with their insurance. Judge Harness? Let me back up a bit. I looked, and I don't think I ever sat on a stacking case. You probably looked too. I checked too, your honor. You did not. I was surprised because I've been here. You had a lot of insurance cases. So correct me if I'm misstating the rationale behind stacking. As I understand it, when you get, I'll just say uninsured motorist, I won't say uninsured or underinsured, uninsured motorist policy, they cover the insured no matter what vehicle the insured is in. Correct. So it doesn't make any sense to have that same coverage if you have multiple vehicles to have it on each vehicle. You could get the exact same, if it's not stacked and you had $50,000 of uninsured motorist. If it's not stacked, then all you need is one uninsured motorist provision and one policy together. That is absolutely a correct statement of New Mexico law. And it's also why our appellate courts say that if you charge a premium on any of the subsequent vehicles, whether it's two, three, or four. But the rationale is that you're paying for something. If it's not stacked, you're paying for something that has no value. It's illusory. No, you're actually paying for the stated coverage, which on one vehicle. I'm talking about in general. The reason it's stacked is if it's not stacked, then if you had four vehicles, the premium you're paying for uninsured motorist on three of those vehicles doesn't give you any additional coverage. So it's illusory. It's zero. So your issue here, the gist of your complaint would have to be that in some way, the insured in this case could have gotten the exact same coverage for less money. Correct. And I don't see how you've shown that. This relates to whether the information that came out of this deposition was material or not, whether Farm Bureau withheld material information. From all I can tell from the complaint, at least, is the Farm Bureau representative said, you know, these are some figures we use to calculate the premium. Apparently some of that's for uninsured property damage, which doesn't stack because it's only damage to the car that's insured. And then I can't tell whether what they did is they, for each vehicle, they computed what the uninsured property damage would be and then split the rest of the bodily injury to split it evenly among the cars. You can't tell that. Don't you have to show that to prevail? Don't you have to show that there's part of this premium that's being paid that was unnecessary? They could have gotten the same coverage for less.  And therefore, to overcome the statute of limitations, you have to show that there wasn't disclosure of that fact in some way when the policy was acquired. Yeah. And I hope I'm intelligent. Sure. No. And as you know, Judge Hart, parts from your review of New Mexico law, it doesn't matter how much a premium is, but our courts have found that if there is payment of any uninsured motorist bodily injury premium on an additional vehicle, then you stack, even if it's a reduced premium, because it would be, quote, repugnant to not allow stacking when there's charging of a premium. And in this case, the documents that Mr. Hollis was provided, the documents that the district court relied upon, said it's not stacking and we're only charging one premium for the whole policy. Right. But then what we learned is that there's a substantially lower premium than if you stacked. That's what they offer. That's what they describe. But so don't you have to, I don't as long as you couldn't get the same coverage for less money by just insuring one of your vehicles or something like that. And that's that's what I don't see present here. Sure. And well, I disagree, Your Honor, because under New Mexico law, once it is learned that they actually did charge a premium on that vehicle, but New Mexico law would reform the policy to get a stacked policy. Well, that's not obvious to me because that's not that that's not required by the what I understand to be the principle behind requiring stacking. The principle behind stacking is you're charging a premium for something that gives you no value. And how the how the insurance. I don't know what the person who who testified is called, but he's the representative of Farm Bureau. What he wrote down is something that's for internal purposes. And if it is for internal purposes, does it show that he should not have included anything for the fourth and fifth vehicles or something like that? And that's what that's what's missing. And if we're given the opportunity to get into the merits of the case, that is what it will show. But we were not given the opportunity because they said, well, you had all the information you needed had you just exercised reasonable diligence and reasonable diligence, by the way, as defined by the district court, was extreme diligence because they said you should have taken your policy to a lawyer immediately. But even had Mr. Hollis done that, had he brought it to me, who's been practicing insurance law for twenty seven years, I would not have gotten that they are charging a separate premium from those documents. It's only within Farm Bureau. But here's our problem. There's something that you learned at this deposition. We don't know exactly what it was. That's a problem. But more important, at least equally important, I can't tell if it's material. And if it wasn't material, then there was no fraudulent concealment and the statute of limitations isn't extended. I can give you an example to explain how it's material. At least with the information we have, we know they are charging an amount per vehicle. So if Mr. Hollis had four vehicles, let's say, for example, the premium only for UIM coverage is a thousand dollars. If he deletes a vehicle, that goes down to seven hundred and fifty dollars. If he deletes another vehicle, it goes down to five hundred dollars. So it's not illusory in that instance because he's paying a premium for each vehicle he has on the policy. They're just calling it a single premium. But when they do their underwriting, they're changing it up and charging more money, but they're not giving the coverage that they're charging for. What if, and I don't know, what if the representative had explained that the way we do it for each vehicle is we prorate the uninsured bodily injury among the six vehicles, I think it was, or five, the uninsured bodily injury, and we add to that what each vehicle would be charged for the uninsured property damage. How do we know that that's not what he said? That was not the testimony, but also... But see, we don't know that. Also, and again, that's information that they conceal, that they don't, there's nothing in the documents. But if what they conceal is of no importance legally, then... Except that they're selling coverage and not providing it, so it is of legal importance. And unfortunately, we're getting into the merits of the case when really what we should be focusing on is... I was concerned about that because I am talking about merits issues, but how do I know that a fact is material if I don't know your theory of recovery? Sure. Yeah, absolutely. And our theory is... So that's what I'm asking. Our information was never disclosed to anybody, but it's a practice that is occurring, it's happening, they're charging a premium for coverage, but they're telling you you can't stack. And I understand the confusion about, well, they charge a higher premium for stacking. They charge an excessively higher premium for stacking because they want to discourage people from buying stacking because it exacerbates their liability. Yeah, I did have one confusion on that. It seemed like your client, when he was exploring the coverage to purchase, the insurance agent would say, non-stacking, $200. But if you want stacking, $250. Those are the premium differences. Okay, so he says, okay, I want stacking. Won't he get an invoice for $250 and be clear? Yes. And it would be clear that he bought that coverage? Yes. And if he got a bill for $200, he would know that they underbilled him? Can you clarify my confusion? Sure. And I guess the issue is not the amount necessarily, but the fact that they're actually charging it on a per vehicle basis. And New Mexico law has always been very clear that charging on a per vehicle basis results in stacking, no matter what. Wouldn't you know that from the face of the policy? You really wouldn't. You'd have to, again, the face of the policy simply tells you, you don't have stack coverage. It's a per policy premium. It's one premium. And as they admitted at the appendix, page 56, we don't disclose the premium on each individual UM coverage. We tell them in the deck sheet, on each car, you have UM coverage. So unlike your hypothetical Judge Hartz, they don't delete UM from cars two, three, and four. They actually on the deck sheet show that there is coverage, but then they don't disclose that they're charging a premium for that coverage. And there is the issue. Can I switch to another point? Now, Mr. Hollis's daughter has pursued litigation involving the identical policy. Is that correct? Correct. And under that litigation, the court said we have to stack and you're entitled to more coverage under an insured motorist. Correct. And that's the same policy as this. It is. So one insured can get what you think should be, should have been allowed to everybody. But if Mr. Hollis is never injured, he gets a refund. Correct. So if someone's injured, then you get stacking. If they're not injured, they get a refund because they paid for stacking. Correct. So, but if the daughter's result is confirmed in the New Mexico courts, then the coverage by this Farm Bureau policy would have been stacking as a matter of law. Correct. So why didn't, so why should there be a refund? Because the policy gave you more than what it said it did. It gave you what it should have under New Mexico law. For the, for the 12 years, the 12 policy periods that he paid those premiums, he should absolutely get refunded because no claims were made in those policies. But if he hadn't made a claim, he would have gotten stacked coverage. He would have gotten. So, so it's not in the policy, but it's in New Mexico law. He would have gotten litigation is what he would have gotten. Whether he would have gotten stacking, I think would depend on who was representing him, what court they were in front of, etc. Well, we can't assume everyone gets some of your qualities. I appreciate that, Judge. Thank you. I see that I'm out of time, but I respectfully request that the court find that this was timely filed and remand for further proceedings. Thank you. We'll hear from the other side. Mr. Zimmerman. Good morning, Your Honors. May it please the court. My name is Kevin Zimmerman on behalf of Farm Bureau Property and Casualty Insurance Company. Your Honors, the factual allegations in Plaintiff's complaint make clear that his claims stem from the face of policy documents he first received from an insured insurer in 2013. According to Plaintiff, those documents were unlawful and ambiguous in some way and therefore entitled him to stack coverage. The key issue for the statute of limitations on this appeal is that the plaintiff does not allege any changes in his coverage, any changes in his policy documents, or any material facts that changed between 2013 when he first received those policy documents and 2024 when he filed this lawsuit. The district court therefore correctly concluded that the statute of limitations on this case is unlawful and unambiguous in some way and therefore entitled him to stack   One thing that troubles me about this case is you don't have to plead that you're not barred by the statute of limitations in your complaint. To resolve that on 12b-6 based on the complaint strikes me as very unusual. It may have been waived by the way the parties proceeded in this case. They said, Plaintiff said, we've adequately alleged it already so that should be assumed as true for purposes of statute of limitations. But some of this is outside the complaint and I would think ordinarily it would be something the court, the district court, should consider in resolving the statute of limitations issue. So I think that what happened I think what happened here is the complaint is originally filed attached to the 2020 documents, the sort of more recent documents he received, which were materially identical to the 2013 documents. But the court, the plaintiff pled in the complaint, you know, I've had this coverage, these same documents back to 2013. So Farm Bureau responding on a 12b-6 couldn't point to the documents that weren't attached to the complaints, but the court in looking at that said, look, you know, the district court said, look, these 2013 documents I'm going to consider as incorporated by reference and Plaintiff doesn't challenge that on appeal. So then with those 2013 documents incorporated by reference, it did become a pleading issue because those documents are now sort of part of the complaint. And those 2013 documents made clear that Plaintiff first rejected stack coverage all the way back to 2013 and that all of Plaintiff's theories as to why the policy documents should be read to provide stack coverage, those facts were available as far back as 2013. I think Judge Kelly has a question. I have a lot of questions and there seems to be a conflict between what the appellant says and what the appellee says. And I was under the impression that the only argument made to the district court was for equitable tolling and that the Plaintiff admitted that they had all the facts necessary to pursue but for equitable tolling. Now, am I misreading everything? No, I think that's correct, Your Honor. The only argument, the only sort of tolling argument presented to the district court, sorry, I think I'm looking up there, is the doctrine of equitable tolling. Plaintiff did not raise the continuing wrong doctrine except sort of saying those words without argument and Plaintiff did not raise equitable estoppel. And as the jurisdict court correctly recognized, Plaintiff's claims do accrue from the 2013 policy documents. Well, what if, well, I thought they're claiming, maybe you're they didn't make this argument, but I thought they made the argument that the time to sue was told because they had not been given, because Farm Bureau had fraudulently concealed important information that would enable them to pursue this claim. That is the, that's the argument, but that's not supported by the actual contentions in the complaint. And that's what matters here. The contentions in the complaint, and I'm glad opposing counsel mentioned Garcia v. Allstate because it really gives light to what the claims in the complaint were. The claims in the complaint were based on how you listed things on the declarations page and based on the things you said in the rejection form, these documents are ambiguous and therefore provide stacked coverage. And the Garcia v. Allstate case that you mentioned from the New Mexico Court of Appeals, which has actually been subsequently reversed, but the appellate case, which was the operative case at the time, that was about exactly that. That the court looked at the face of policy documents and said, look, based on how things are sort of laid out and written out in these documents, I'm going to find that this is ambiguous as to whether or not you're charging multiple premiums and therefore I'm going to provide stacked coverage. And that, if you look at the motion to dismiss, the merits motion to dismiss briefing here, the parties briefed the applicability of Garcia v. Allstate heavily because what plaintiff's complaint in the, in the district court was, was based on the face of the policy documents. It was based on the fact that if you look at the declarations page, plaintiff said, hey look, you're listing uninsured motorist vehicle premium and underinsured motorist vehicle premium separately above this sort of separate premium, so it's ambiguous as to whether or not you're charging multiple premiums. And the importance of this for the statute of limitations is that all of these claims arise from the face of the policy documents. So as soon as plaintiff received those documents in 2013, he had all of the facts necessary to pursue his causes of action. Okay, so you're, if I'm understanding you correctly then, the, the claim was that there was ambiguity in the documents and because of that ambiguity under the case you're citing, because of that ambiguity, the insurer is entitled to stack. That is plaintiff's argument. And what, and what plaintiff discovered in a deposition of someone from Farm Bureau, and it's for various reasons apparently that was not provided in the appellate record, what, what the Farm Bureau representative did was perhaps resolve that ambiguity in a way that favors the plaintiff. You probably disagree with that, but that's his argument. And you're saying that the complaint doesn't allege that the situation described by the Farm Bureau representative, it was based simply on the fact that the policy was ambiguous. So a few points in response to sort of this deposition testimony. So, so first, you know, this deposition testimony is nowhere in the record. And plaintiff's complaint doesn't cite this Nestor case. But you knew what it was, because it was, it was your representative who was deposed. I personally don't know what it was. But for purposes of a 12 v 6 motion, there's no reference to Nestor. There's no reference to this case's case. There's no reference to any deposition testimony in the complaint. This is just sort of a post hoc argument that that plaintiff has created to try to avoid the statute limitations here. And I think nothing makes this clearer than the fact that one of the two depositions that where plaintiff allegedly uncovered this material occurred after the complaint in this case was filed. The 2024 deposition occurred on August 2nd, 2024 plaintiff says, but plaintiff's complaint was filed on July 12th, 2024. But one deposition was before it was filed. So the only thing we have in the record as to sort of what was discussed in that 2020 deposition is plaintiff's description of it. And this is at page 180 of the appendix. And I just want to read it for you and apologize for just reading from the appendix. But this is page 180 of the appendix, plaintiff's statute limitations brief to the district court. Here's what plaintiff says. While Farm Bureau represents and maintains that it charges a single UMUIM premium at the policy level, the details uncovered in this deposition demonstrate that Farm Bureau actually charges multiple UMUIM premiums on each vehicle in the multi-vehicle policy. Farm Bureau argues to courts that UMUIM premium is charged on a policy level, not a per vehicle level, but lists a per vehicle premium on the declarations page that includes the UMUIM premium as a per vehicle charge. So even as plaintiff tells it in the briefing of the district court, all that was allegedly uncovered is just how things are listed on the declarations page. So that brings us back to the original points. The complaint didn't attach the declarations page? The complaint did attach the declarations page, it did. But it's not listed per vehicle on the... So the declarations page, what it does is it, the UMUIM selection rejection form lists here's the, for the separate levels of coverage. Here's what the premium would be if you buy stacked coverage, here's what the premium would be if you buy unstacked coverage. Stacked is obviously higher because if you're in an accident you're entitled to more money for that. What the declarations page does is you can look at the declarations page and for each of the vehicles there, it lists a separate premium on each of those vehicles and then it tells you here's your total policy premium. I didn't see that in the record. What page shows that there's a separate premium for each vehicle? So I'll pull up the... I apologize for missing that. No, no problem. I'm looking at document 1.1 page 37 and this is one of the attachments to the complaint and again the attachments the complaint to the 2020 policy forms. So it's document 1.1. 1-1, sorry, 1-1 at 37. And what page of the appendix is that? I don't have that readily handy. I'm not sure that's in the appendix, is it? It is in... it is the... this is attached to plaintiff's complaint. So I would... It should be in the appendix. It should be in the appendix. I apologize if it's not. I kept looking for a document that showed each vehicle but now I know where to find it. Well, I think I'm looking at least one of them for the Toyota Tacoma and, you know, it goes through the coverage and it states stacking rejected and then it gives annual vehicle premium. And are you saying that there's going to be four of those? There's about seven or eight, actually. Okay, seven or eight. Is that how many cars were insured? Correct, your honor. Correct. So you're saying there's going... and the premium there was $376. There's going to be seven or eight of those that show that premium? That's correct, your honor. And you can find the 2020 version of the deck page, as I mentioned, at doc1.1 attached to the complaint. The 2013 version of the deck pages, those were attached to our statute of limitations briefing after the district court said, you know, essentially you can attach these things. And why is that relevant to the fraudulent concealment? So what's relevant here is the basis of plaintiff's claims are two, you know, sort of disclosure things in these documents. One plaintiff says, oh look, you're charging separate premiums for each of these vehicles. To the extent that was sort of discernible from the face of the complaint, or from the face of the documents, which is what is alleged in the complaint, plaintiff had all of the facts necessary to pursue that. Okay, well I think I... here's where I got confused. I thought they were alleging for the uninsured motorist protection. It was separately charged for each vehicle. What is there is the total for each vehicle, but not by coverage. So wouldn't that make a difference if you knew that the uninsured motorist protection was charged independently in each vehicle? So that is what they allege in the complaint. In their briefing before the appellate court, they sort of argue about separate premiums per vehicle, so it's a little bit confused. But I agree, your honor. Paragraphs 21 through 23 of their complaint, this is where they really highlight sort of the basis of this multiple vehicle premium theory. And what they say there is, hey look, if you look at these policy documents, it lists one premium for the vehicle, but above that are separate lines for auto uninsured motor vehicle and auto underinsured motor vehicle. And when the parties briefed this on the merits to the district court, the briefing was about essentially, hey, under Garcia, does this make this ambiguous or not? And so the critical issue for the statute of limitations is this all just comes from the face of the policy documents. New Mexico law is clear that what matters for the statute of limitations is the availability of the facts underlying the cause of action, not the legal implications. So you seem to be saying their theory of recovery has changed. The theory in the complaint was ambiguity, which should be resolved against Farm Bureau so they get stack coverage. Now they're saying, or at some point they were saying, well, we learned something in this deposition of the Farm Bureau representative. And that shows that the uninsured motor's protection for each vehicle was calculated independently. That resolves the ambiguity in our favor, so we should win. But that was not what was alleged in the complaint as their cause of action. Is that what you're saying? That was not what was alleged in the complaint as the cause of action. And you know, part of what may have caused some of the transition here, there have been two New Mexico Supreme Court opinions that have sort of resolved some of the issues as originally alleged in the complaint. The reversal of the Garcia v. Allstate case and Kylie v. Dido. It's 2025, New Mexico Supreme Court, 038. This resolved another one of the theories in Plaintiff's complaint, which was about offering coverage on a per-vehicle basis. But what matters here is if you actually look at the allegations in the complaint. If you look at paragraphs 21 through 23, which talk about the multiple premiums. Paragraphs 16 and 17, which talk about the statement in the deck pages or the statement on the rejection form that stacking has been explained to insureds. Paragraph 40 talks about the complaint does not provide a menu of coverage options. All of the allegations in the complaint, all of the actual claims in the complaint, are about the face of the policy documents. And that's what matters for the purpose of the statute of limitations. I know your time's up, but could you just quickly respond to why our Tenth Circuit Aldrich case, which you know, which states that it's discouraged to review statute of limitations fraudulent concealment on at the motion to dismiss stage. So the Aldrich case did also say, expressly said, that the statute of limitations can be resolved on a 12b6 motion. That case involved allegations of affirmative conduct to conceal the fraud, which were sufficient to invoke the doctrine of equitable estoppel. And the court statement there is that, sort of based on that record, it couldn't be resolved as a matter of law. But the court also expressly stated in the Aldrich case that, you know, if the situation presented itself like the situation does here, the statute of limitations can be resolved on a 12b6 motion. Thank you, counsel. Thank you, your honor. I appreciate your time. Mr. Burgess, your time is up, but I want to make sure we get this resolved. So I'd like to give you a chance to respond to what I think I figured out from the argument. Excuse me, Judge Kelly. And that is, my understanding now is that your original complaint said you're entitled to stacking because the policy was ambiguous. Okay, and that was supported by a case that was later revised, at least by the Supreme Court. But then, in arguing fraudulent concealment and therefore equitable tolling, you're relying on additional information at this deposition that resolved the ambiguity in your favor. But my understanding is you hadn't pleaded that there was a resolved ambiguity. We didn't plead specifically fraudulent concealment because, as you pointed out, at the pleading stage, nobody pleads statute of limitations in their complaint. But tellingly, the Farm Bureau just told you, hey, everything you need to know is up to paragraph 23 in the complaint. But if you review paragraph 23, 24, 27, 29, 30, 31, 33, 39, and 58, you will see that we are alleging that they are concealing information from their insurance, that they have a practice of doing so, and that their insurance cannot make a knowing and intelligent decision to reject the coverage based on that concealment. Thank you. Thank you, Your Honor. Okay, thank you, gentlemen. Cases submitted. Counselor excused.